**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 09 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MYCHAEL NANCE, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1108-CR-418 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Peggy Hart, Master Commissioner
Cause No. 49G20-1001-FC-4005

**April 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Mychael Nance was convicted of dealing in marijuana, a Class C felony. He raises one issue for our review: whether police officers violated the Fourth Amendment by searching his home without a warrant. Concluding exigent circumstances justified the warrantless entry and search of Nance's home, we affirm.

## Facts and Procedural History

In January 2010, the Indianapolis Metropolitan Police Department received a call from an alarm company requesting police assistance. An alarm was activated at a residence, Nance's home, and the home owner(s) was not responding. Officers Schlesinger and Schmidt arrived at the home and could hear the alarm. They discovered the front door wide open and the storm door unlocked. The officers announced their presence several times, but they heard no response. The officers entered the home and began searching for anyone located inside. On the first floor, Officer Schlesinger observed a marijuana cigarette in an ashtray in the living room. The officers continued into the basement, where they discovered numerous marijuana plants and growing equipment. After hearing footsteps above, the officers ran upstairs and found Nance. They arrested Nance and conducted a pat-down search. Officer Schlesinger testified that he felt a squishy bag in Nance's front pants pocket and it was immediately apparent to him that it was marijuana. Officer Schlesinger removed the bag and confirmed it contained marijuana.

Nance then confessed to the police officers he was responsible for the marijuana grow and everything in his residence. The officers obtained a warrant and seized over

three hundred marijuana plants, lighting equipment, power supplies, fertilizer, scales, loose marijuana, and mail addressed to Nance.

After initially entering into a plea agreement, Nance withdrew his guilty plea. He thereafter moved to suppress evidence recovered from his residence. On April 7, 2011, and June 9, 2011, the trial court heard evidence on Nance's motion to suppress and the charges against him. On July 14, 2011, the trial court entered a written order with findings of fact and conclusions of law denying Nance's motion to suppress evidence and found Nance guilty of both possession of marijuana and dealing in marijuana. The possession of marijuana charge merged and he was convicted of dealing in marijuana, a Class C felony, and sentenced to two years in prison. Nance now appeals.

Discussion and Decision

"The standard of appellate review of a trial court's ruling on a motion to suppress is similar to other sufficiency issues. We determine whether substantial evidence of probative value exists to support the trial court's ruling. We do not reweigh the evidence and consider conflicting evidence most favorably to the trial court's ruling." Litchfield v. State, 824 N.E.2d 356, 358 (Ind. 2005) (citations omitted).[1] The Fourth Amendment of the United States Constitution provides protection for individuals against unreasonable searches and seizures. U.S. Const. amend. IV. The reasonableness of a search turns on whether the subject of the search had an expectation of privacy and, if so, whether the

---

[1] Ordinarily, where there has been a trial following a denial of a motion to suppress evidence, we would review the trial court's decision to admit the evidence at trial. Here, because the motion to suppress and trial were held and decided simultaneously, we are reviewing the decision to deny Nance's motion to suppress evidence. Nonetheless, if we reviewed the trial court's decision to admit evidence from the search of Nance's home our conclusion would not change. Because exigent circumstances existed justifying the warrantless search, the trial court's admission of evidence resulting from the search is not a manifest abuse of discretion resulting in the denial of a fair trial. See Davis v. State, 749 N.E.2d 552, 556 (Ind. Ct. App. 2001) ("a trial court's decision to admit evidence at trial will not be reversed absent a showing of a manifest abuse of the trial court's discretion resulting in the denial of a fair trial.") (citing Minnick v. State, 544 N.E.2d 471, 477 (Ind. 1989)), trans. denied.

expectation was objectively reasonable. Litchfield, 824 N.E.2d at 358. Generally, the Fourth Amendment requires a lawful warrant to conduct a search or seizure, subject only to a few specifically established and well-delineated exceptions. Bryant v. State, 660 N.E.2d 290, 300 (Ind. 1995) (citations omitted), cert. denied, 519 U.S. 926 (1996). One such exception is when exigent circumstances compel quick action before a warrant can be obtained. Id.

In Bryant, police officers responded to an alarm at Bryant's residence. Id. at 294. Upon arrival, the officers found a door open with "fresh pry marks on it" and they entered and searched the home, discovering hundreds of marijuana plants. Id. Our supreme court concluded "police may enter private property to protect that property when they reasonably believe the premises have recently been or are being burglarized." Id. at 301. Thus, our supreme court concluded the search of Bryant's home was justified due to exigent circumstances. Id.

Nance contends our supreme court incorrectly stated Fourth Amendment jurisprudence by requiring that police have a reasonable belief that a residence was recently or is being burglarized. Instead, he argues that, in addition to such exigent circumstances, police also must have probable cause to believe the residence has been or is being burglarized, and he asks us to alter our supreme court's precedent accordingly. For support, he cites Coolidge v. New Hampshire, 403 U.S. 443, 463 (1971) and Welsh v. Wisconsin, 466 U.S. 740, 741 (1984). However, neither case addresses the application of the Fourth Amendment to police officers searching a home based on a belief that it has been or is being burglarized. Coolidge addresses the constitutionality of police searching a defendant's car without a warrant after the defendant has been arrested. 403 U.S. at

4

463. <u>Welsh</u> involves police officers entering a home without a warrant in order to arrest a hit-and-run suspect who was identified at the scene. 466 U.S. at 743. Neither case involves exigent circumstances such as exist in <u>Bryant</u> and here. Further, "[i]t is not our role to reconsider or declare invalid decisions of the Indiana Supreme Court." <u>Cont'l Ins. Co. v. Wheelabrator Techs., Inc.</u>, 960 N.E.2d 157, 162 (Ind. Ct. App. 2011). At most, we would recommend such a change to our supreme court by our interpretation of existing law. We decline Nance's invitation to do so.

Alternatively, Nance argues the totality of the circumstances do not give rise to the same exigent circumstances as <u>Bryant</u> because, unlike in that case, Officers Schlesinger and Schmidt did not find fresh pry marks on Nance's door. We disagree. A private alarm company called the police department and informed them a home alarm was activated and no one was responding to calls at the home. Upon arrival, officers found the alarm still activated, the front door was wide open, and no one responded after they announced their presence several times. Under the totality of the circumstances, the officers could reasonably believe Nance's home had recently been or was being burglarized, and, thus, the exigent circumstances exception applies.

## Conclusion

Based on the totality of the circumstances, police officers could have reasonably believed Nance's home had recently been or was in the process of being burglarized. Thus, the exigent circumstances exception applies and the search of Nance's home did not violate the Fourth Amendment. We therefore affirm the trial court's denial of Nance's motion to suppress evidence.

Affirmed.

5

BAILEY, J., and MATHIAS, J., concur.